CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **KEITH EDWARD MOSS,** )  | |
|     **Plaintiff,** ) | Case No. 7:23-cv-00110 |
| ) | |
| **v.** ) | |
| ) | By: Michael F. Urbanski |
| **TIM TRENT, et al.,** ) | Senior United States District Judge |
|     **Defendants.** ) | |

## ORDER

Keith Edward Moss, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against various current and former employees of the Blue Ridge Regional Jail Authority. The case is presently before the court on Moss's self-styled "motion for order to compel," ECF No. 145, in which he seeks an order compelling Virginia Department of Corrections (VDOC) officials to provide him with all of his personal property, including his legal materials. He alleges that he "has no plain, adequate, or complete remedy at law to redress the wrongs" described in the motion and that he will be "irreparably injured" unless the court issues the requested order. Id. at 2. The court construes the motion as a request for preliminary injunctive relief. For the following reasons, the motion is **DENIED**.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. The plaintiff must also "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." Omega World

Travel v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel, 111 F.3d at 16.

Applying these principles, the court concludes that Moss's motion must be denied. Among other deficiencies, the motion does not seek to prevent harm caused by the conduct alleged in the complaint. Instead, the motion seeks preliminary injunctive relief based on entirely new allegations of misconduct by correctional officials who are not parties to this action. Even if the new allegations are true, they do not provide a basis for preliminary injunctive relief in this action. See Pac. Radiation Oncology, LLC, 810 F.3d at 636 (explaining that "new assertions of misconduct . . . do not support preliminary injunctions unrelated to the conduct asserted in the underlying complaint").

For these reasons, it is hereby **ORDERED** that Moss's motion, ECF No. 145, is **DENIED**. The Clerk is directed to send a copy of this order to Moss.

It is so **ORDERED**.

Entered: January 2, 2025

Mike Urbanski
Senior U.S. District Judge
2025.01.02 19:54:04
-05'00'

Michael F. Urbanski
Senior United States District Judge

2