CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEITH E. MOSS, ) | |
| Plaintiff, ) | Case No. 7:23-cv-00110 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| JOSHUA SALMON, et al., ) | Senior United States District Judge |
| Defendants. ) | |

## ORDER

Keith E. Moss, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that employees of the Blue Ridge Regional Jail Authority violated his constitutional rights after he was arrested and taken to the Lynchburg Adult Detention Center on February 13, 2021. On September 4, 2025, the court denied a motion for sanctions that Moss filed in response to the defendants' motions to dismiss. ECF No. 216. Moss has since filed a "motion for clarification and sanctions." ECF No. 220. For the following reasons, the motion is **DENIED**.

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107 (2017) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962)). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process,'" such as an order "instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." Id. (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991)). Similarly, a federal statute, 28 U.S.C. § 1927, "authorizes a court to require '[a]ny attorney . . . who so

multiplies the proceedings in any case unreasonably and vexatiously' to 'satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" Harvey v. CNN, Inc., 48 F.4th 257, 276 (4th Cir. 2022) (quoting 28 U.S.C. § 1927). A showing of bad faith is required for sanctions under the court's inherent power and § 1927. Id.

Under Rule 11 of the Federal Rules of Civil Procedure, an attorney or unrepresented party certifies, when presenting a pleading or other document to the court, that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b)(3). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). In exercising its discretion, the court must apply an objective standard of reasonableness and "ignore evidence of the [opposing] party's subjective beliefs." In re Kunstler, 914 F.2d 505, 518 (4th Cir. 1990).

In the pending motion, Moss argues that counsel for the defendants should be sanctioned for submitting "the 'COPY' of the Commitment Order dated February 13, 2021 and signed by defendant J. A. Miller." Id. at 3. Moss asserts that the exhibit is a "fraudulent document" and that he has video footage, police reports, and incident reports confirming that he did not personally appear before a magistrate as required by Virginia Code § 19.2-82. Id. at 3–4.

Having reviewed the record, the court concludes that Moss's motion must be denied. The record is devoid of evidence from which the court could find that the defendants or their

counsel acted in bad faith, engaged in conduct that abuses the judicial process, or acted unreasonably in submitting the document challenged by Moss. Although Moss may dispute the validity of the commitment order, he has not shown that a reasonable attorney would have had reason to believe that the order is fraudulent or invalid.

To the extent Moss continues to argue that he did not personally appear before the magistrate on the day that he was arrested and committed to the Lynchburg Adult Detention Center, a mere procedural violation of Virginia Code § 19.2-82 does not give rise to an actionable constitutional claim. See Frye v. Commonwealth, 231 Va. 370, 376, 345 S.E.2d 267, 273 (Va. 1986); Jones v. Town of Marion, 28 Va. App. 791, 797–98, 508 S.E.2d 921, 924–25 (Va. Ct. App. 1999), aff'd, 259 Va. 7, 524 S.E.2d 866 (Va. 2000). Nor does it support the imposition of sanctions against the defendants or defense counsel.

For these reasons, Moss's motion for sanctions, ECF No. 220, is **DENIED**. The Clerk is directed to send a copy of this order to parties.

It is so **ORDERED**.

Entered: December 18, 2025

Michael F. Urbanski
U.S. District Judge
2025.12.18
17:25:50 -05'00'

Michael F. Urbanski
Senior United States District Judge

3