CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 22, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEITH E. MOSS, ) | |
|     Plaintiff, ) | Case No. 7:23-cv-00110 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| JOSHUA SALMON, et al., ) | Senior United States District Judge |
|     Defendants. ) | |

## ORDER

This matter is before the court on plaintiff Keith E. Moss's "motion for joinder of claims, joinder of parties and leave to file amended complaint." ECF No. 221. For the following reasons, the motion is **DENIED**.

### I.  Background

Moss, a Virginia inmate proceeding pro se, commenced this civil action under 42 U.S.C. § 1983 by filing a 44-page handwritten complaint against 40 current and former employees of the Blue Ridge Regional Jail Authority (BRRJA). The action is one of four cases that Moss filed against state and local government officials in 2023. Of the four cases, only this case and Moss v. Booth, 7:23-cv-00112, remain pending.* In Moss v. Booth, Moss alleges that officers with the Lynchburg Police Department (LPD) violated his constitutional rights during the course of his arrest on February 13, 2021. In the present action, Moss claims that employees of the BRRJA violated his constitutional rights after he was arrested and taken to the Lynchburg Adult Detention Center, including by using excessive force against him and acting with deliberate indifference to his serious medical needs.

---

* Moss filed the same motion in Moss v. Booth. That motion will be addressed separately.

In response to the complaint filed in the present case, the defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). After receiving extensions of time, Moss filed a response to the motions. He then moved for leave to file an amended complaint. By order entered November 19, 2024, the court denied the defendants' motions to dismiss without prejudice and granted Moss's motion for leave to file an amended complaint. ECF No. 160. The order provided that "Moss must file his amended complaint within 30 days" or "the original complaint will remain the operative complaint in this action." *Id.* at 5. The order also set a deadline for the defendants to file any renewed motions to dismiss.

The 30-day period for filing an amended complaint expired on December 23, 2024, pursuant to Federal Rules of Civil Procedure 6(d) and 6(a)(1)(C). Moss did not file an amended complaint by that date. Accordingly, on February 4, 2025, after timely requesting and receiving a brief extension of time, the defendants renewed their motions to dismiss the original complaint and filed additional briefs in support of the motions. By that point, more than 40 days had passed since the deadline expired for filing an amended complaint, and no further submissions had been received from Moss.

After responding to the defendants' renewed motions to dismiss, Moss moved to consolidate the cases filed in 2023. The motion to consolidate was denied on August 20, 2025. ECF No. 213. On September 4, 2025, the court granted in part and denied in part the defendants' renewed motions to dismiss, allowing claims of excessive force and deliberate indifference to proceed against certain defendants, as well as a Fourth Amendment claim premised on a sexually invasive search that allegedly occurred at the jail. ECF Nos. 215 and

216. The remaining defendants filed an answer to the complaint on September 18, 2025, ECF No. 217, and they have until January 7, 2026, to file a motion for summary judgment.

In the pending motion filed on November 24, 2025, Moss seeks leave to join claims and parties and to file an amended complaint. Moss asserts that he recently received "body cam footage" from the LPD that "contains material facts that are the basis of [his] Fourth Amendment unreasonable search and seizure claim, which includes LPD officers' use of excessive force . . . and [his] Fourteenth Amendment deliberate indifference claim." ECF No. 221 at 3. He also asserts that the initial arrest warrants and summonses issued on February 13, 2021, contain various misrepresentations and that the police report prepared by Officer C. N. Harris, a defendant in Moss v. Booth, contains a "fabricated reason for his warrantless arrest of the plaintiff on February 13, 2021." Id. at 8. Moss asserts that he "failed to discover, and thus was not able to assert, much less plausibly show that . . . he was arrested and detained without probable cause . . . ." Id.

## II. Analysis

A plaintiff may only amend a complaint "once as a matter of course" within the time limits set forth in Rule 15, and after that time period lapses, a party may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); see also Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010) (noting that Rule 15(a) applies to amendments seeking to add parties). Although courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile," ACA Fin. Guar. Corp. v. City of

Buena Vista, 917 F.3d 206, 217–18 (4th Cir. 2019) (internal quotation marks omitted). "A proposed amendment is futile when it is clearly insufficient or frivolous on its face . . . [or] the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019) (internal quotation marks and citation omitted).

Having reviewed the record in this case and in Moss v. Booth, the Court concludes that Moss's motion must be denied. The motion does not identify which individuals Moss would like to join as defendants in this action. To the extent he seeks to add claims for unlawful arrest and excessive force against the LPD officers involved in his arrest on February 13, 2021, those claims have already been asserted in Moss v. Booth, which remains pending against 11 officers. "When one suit is pending in federal court, a plaintiff has no right to assert another action 'on the same subject in the same court, against the same defendant at the same time.'" Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp., 273 F. App'x 256, 265 (4th Cir. 2008) (quoting Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000)). Thus, allowing Moss to amend his complaint in the present action to include those same claims and defendants would be futile. See McClary v. Lightsey, 673 F. App'x 357, 357 (4th Cir. 2017) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss them as frivolous or malicious . . . .").

To the extent Moss seeks leave to file an amended complaint against the defendants named in the present action, the motion is also subject to denial. Moss has not submitted a proposed amended complaint, much less one containing allegations that would remedy any of the pleading deficiencies identified in the memorandum opinion and order granting in part

4

and denying part the defendants' motions to dismiss. Additionally, allowing Moss additional time to file a proposed amended complaint would prejudice the defendants and further delay the resolution of this action, which has already been pending for nearly three years. Although delay is "generally not a sufficient reason, by itself," to deny leave to amend, it "can be a sufficient reason for denial of leave when accompanied by futility or prejudice to the non-movant." HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross, 101 F.3d 1005, 1010 (4th Cir. 1996); see also Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002) ("Ordinarily, delay alone, does not justify denial of leave to amend. At some point, however, delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party.") (internal quotation marks and citations omitted).

### III. Conclusion

For these reasons, Moss's motion for joinder of claims, joinder of parties, and leave to file an amended complaint, ECF No. 221, is **DENIED**.

The Clerk is directed to send a copy of this order to parties.

It is so **ORDERED**.

Entered: December 22, 2025

Michael F. Urbanski
U.S. District Judge
2025.12.22
15:44:54 -05'00'

Michael F. Urbanski
Senior United States District Judge

5